UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.                          No. 99-4916

DAMON LAMARR RAGIN,
          *Defendant-Appellant.*



Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-98-294-MU)

Submitted: October 10, 2000

Decided: October 20, 2000

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Edward T. Hinson, Jr., Fred B. Monroe, JAMES, MCELROY &
DIEHL, P.A., Charlotte, North Carolina, for Appellant. Mark T. Cal-
loway, United States Attorney, Brian Lee Whisler, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Damon Lamar Ragin pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1) and 846 (West 1999), and one count of using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West 2000). On appeal, Ragin claims that he was entitled to a downward departure under USSG § 5K1.1[1] based upon his substantial assistance to the Government. The district court correctly noted that it was without authority to depart under § 5K1.1 absent a motion from the Government seeking such departure. *See United States v. Schaefer*, 120 F.3d 505, 508 (4th Cir. 1997).

Ragin also contends that the district court erred by failing to recognize its authority to depart downward in the absence of a Government motion when the Government's refusal to make the motion was the result of an unconstitutional motive. We disagree. At the sentencing hearing, the prosecutor stated that the Government would not move for a substantial assistance departure because Ragin had continued to engage in drug trafficking offenses while on pretrial release for the purpose of assisting law enforcement. In his sentencing testimony, Ragin admitted these violations of the conditions of his release.

In order to properly raise this issue, Ragin was required to make a "substantial threshold showing," in the district court, of an improper Government motive. *See Wade v. United States*, 504 U.S. 181, 186 (1992). He failed to meet this burden at sentencing, and on appeal only speculates that the refusal "could" have been based on an unconstitutional factor. As this issue was not properly raised below, the district court did not err in failing to further inquire into the

---

[1]*U.S. Sentencing Guidelines Manual* (1998).

Government's reasons for refusing to move for a substantial assistance departure.

We therefore affirm Ragin's convictions and sentence.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]We have considered the effect of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), and find that, because Ragin received a sentence of imprisonment and term of supervised release that did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. *See United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir. 2000).